IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BOBBY HERNDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 119-025 |
| ) | |
| ALFONZO WILLIAMS, Sheriff, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Burke County Detention Center in Waynesboro, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 3), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

**I. BACKGROUND**

Petitioner states he was convicted on February 1, 2019, of disorderly conduct in Burke County and received a sixty-day sentence. (Doc. no. 1, pp. 1.) Petitioner states he did not seek further review of his conviction by a higher court, file a petition for certiorari in the United States Supreme Court, and that this case is his "first appeal." (Id. at 5-12.) Petitioner signed the instant federal petition on February 16, 2019, claiming: (1) he was denied access to police body camera footage and to present such evidence on his behalf; (2) an officer lied under oath at trial by stating he told Petitioner to get in the truck six times instead of three as

Petitioner alleges; and (3) he was denied access to present evidence on his behalf. (Id. at 5-16.)

## II. DISCUSSION

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state

court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. Petitioner has not presented any exhausted claims in the present petition, and therefore, the stay and abeyance procedure is inapplicable.

### B.  Petitioner Failed to Exhaust State Remedies

Petitioner does not allege he has invoked any state court remedies. To the contrary, as

explained above, the federal petition does not describe any efforts to pursue a direct appeal or state habeas corpus relief. (See doc. no. 1, pp. 2-16.) Nothing in Petitioner's filing suggests he has been prevented from asserting his current claims in a state court proceeding. Because Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so that he can first give the state courts an opportunity to address his claims.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 3.), the petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of March, 2019, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA